# MEMORANDUM ENDORSED

**Federal Defenders OF NEW YORK, INC.**

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

ge 1 of 7

David E. Patton
*Executive Director*

Southern District of New York
Jennifer L. Brown
*Attorney-in-Charge*

September 4, 2020

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED:  9/12/2020
```

*By ECF*

Honorable Gregory Woods
United States District Judge
Southern District of New York
40 Foley Square
New York, N.Y. 10007

Re:   *United States v. Angelo Cruz*, 8 Cr. 824 (DC)

Dear Judge Woods:

      I write to respectfully request that the Court terminate supervised release. Mr. Cruz has completed over three years of his five-year term, and has done exceptionally well. Moreover, Mr. Cruz will continue to be supervised by the New York State Division of Parole until June 26, 2028. Here, discharging Mr. Cruz from further federal supervision is "warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)(1).[1]

---

[1] The Government has not yet determined what position it will take on this application, and requested instead that this letter-motion be filed for its review. The Probation Office has indicated that Mr. Cruz has done very well on supervision, but that the Eastern District of New York – as a policy matter – does not support early termination for someone who was considered a manager or leader in the underlying offense (which took place in 2003). In an e-mail, Vincent Danielo, Mr. Cruz's supervising officer, wrote as follows: "Unfortunately we would not be able to support the motion for early termination as Mr Cruz does not fit our criteria for same. He was assessed the 3 point enhancement for being a manager/organizer in a drug conspiracy . This is a disqualifying factor. That being said, we will have nothing negative to say regarding his adjustment. He has been compliant with all the conditions and is currently supervised out of our low intensity unit."

Honorable Gregory H. Woods                                                                                Page 2
September 4, 2020

Re:     *United States v. Angelo Cruz*, 3 Cr. 69 (GHW)

**A.     The 3553(a) factors support termination.**

After considering the factors set forth at 18 U.S.C. § 3553(a), a court may terminate supervised release after one year "if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice." 18 U.S.C. § 3583(e)(1).

On March 4, 2005, Honorable Barbara S. Jones sentenced Mr. Cruz to a term of 235 months' imprisonment, and a five-year term of supervised release. Mr. Cruz was an exemplary inmate, and on June 5, 2015, after the applicable guidelines range was lowered, this Court granted Mr. Cruz's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), and reduced Mr. Cruz's sentence to a term of 188 month's imprisonment. *See* Dkt. No. 109.

Mr. Cruz was released from federal custody on September 30, 2016, but was transferred into the custody of New York State, where he was serving a concurrent term of 12 to 25 years for a manslaughter conviction. On May 3, 2017, Mr. Cruz was released from state custody, and began to serve his federal term of supervised release, while simultaneously being supervised by the New York State Division of Parole. Mr. Cruz will remain under state supervision until June 26, 2028. *See* N.Y. State Dep't of Corrs., *Inmate Information*, attached as Ex. A.[2] At At the time of his release, Angelo was about to turn fifty years old.

Mr. Cruz has done exceptionally well since his release from imprisonment in 2017. He found work shortly after being released, first at a laundromat and later at a restaurant in Long Island, where he has worked steadily as a manager (The restaurant closed for several months due to the COVID-19 pandemic, but has recently reopened, and Mr. Cruz is back at work.) Most importantly, Mr. Cruz has renewed and strengthened his relationship with his five children and three grandchildren. He is an active member of the church in Huntington, Long Island, and volunteers at the local school.

After being an exemplary inmate during his long incarceration, Angelo Cruz has continued his positive progress, complying with all the conditions of release, and building a strong foundation for the rest of his life. Here, having successfully completed over three years of his five-year term, I urge the Court to terminate supervision and discharge Mr. Cruz. Terminating supervision will serve at least three important purposes: first, it will commend Mr.Cruz, in the most tangible way, for his hard work over the past three years; second, it will encourage others to do their utmost while on supervision – to, for example,

---

[2] Mr. Cruz was prosecuted in New York State under the name Angelo Diaz.

Honorable Gregory H. Woods                                                               Page 3
September 4, 2020

Re:     *United States v. Angelo Cruz*, 3 Cr. 69 (GHW)

find work, build a stable home, and reconnect with family, and thus demonstrate in their case that supervision is no longer required; and third, it will allow the Probation Office to better allocate its resources. This final point warrants emphasis: Mr. Cruz will remain under parole supervision until June 2028, and – given his excellent conduct – it makes little sense for Mr. Cruz to continue to be supervised by two different jurisdictions for an additional two years.

       In sum, discharging Mr. Cruz from further supervision is "warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)(1).

       Thank you for your consideration of this request.

                                                  Respectfully submitted,

                                                  /s/
                                                  Martin S. Cohen
                                                  Ass't Federal Defender
                                                  Tel.: (212) 417-8737

Cc:     Brian Blais, Esq., by e-mail
           Vincent Danielo, U.S. Probation Officer, by e-mail
           Mr. Angelo Cruz, by e-mail

Application denied. The Court applauds Mr. Cruz' positive response to supervision. Having considered the relevant factors under 18 U.S.C. § 3583(e), however, the Court does not conclude that the termination of his supervised release is warranted by his conduct and the interest of justice. Unfortunately, Mr. Cruz was convicted of a very serious offense, which weighs against this request. While his desire to spare the probation office's resources is worthy, and the Court appreciates that Mr. Cruz is under the supervision of both the federal authorities and the state, due to his manslaughter conviction, the Court believes that Mr. Cruz will continue to benefit from the continuation of his supervised release. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 110.
SO ORDERED
September 12, 2020           _____
New York, New York                GREGORY H. WOODS
                                       United States District Judge